UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CALVIN C. CALDWELL, | ) | CASE NO.  1:08 CV0788 |
| | ) | |
| Petitioner, | ) | JUDGE KATHLEEN M.  O'MALLEY |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| PETER D. ELLIOTT, USMS | ) | |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Calvin C. Caldwell filed the above-captioned petition on March 27, 2008 seeking habeas relief pursuant to 28 U.S.C. § 2241.  Mr. Caldwell, who is being detained pending trial on May 12, 2008 in the Northern District Court of Ohio, filed this action against Peter D. Elliott, Chief, United States Marshal Service. He seeks an order declaring Public Law 80-777 "unconstitutional and void ab initio," a declaration that "his judgment" is void and immediate release from prison.[1]

---

[1]Mr. Caldwell's petition is a duplicate of the pleading he filed against the undersigned on
(continued...)

*Background*

Mr. Caldwell was indicted in this Court on February 28, 2007 and charged with two counts of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)&(C). See United States v. Caldwell, No. 1:07cr0096 (N.D. Ohio filed Feb. 28, 2007). Petitioner was arrested and arraigned on March 29, 2007.  He entered a plea of 'not guilty' and the government moved to detain Mr. Caldwell pending trial.

A hearing on the Motion for Detention was held before the undersigned on April 3, 2007.  The motion was taken under advisement and Mr. Caldwell was  remanded to the custody of the United States Marshal pending a decision.  Magistrate Judge Baughman subsequently issued a detention order finding Mr. Caldwell failed to rebut the presumption in favor of detention pending trial. Following three trial continuances, a hearing on petitioner's competency to stand trial and three appointments of counsel for the defendant, Mr. Caldwell's trial is now scheduled for  May 12, 2008.

*Analysis*

Mr. Caldwell asserts that this Court lacked jurisdiction to commit him to the custody of the United States Marshal.  It is his belief that Public Law 80-772 "purported to enact Title 18 of United States Code, Act of June 25, 1948, Chapter 645, 62 Stat. 683 et seq., and (2) more specifically Section 3231 thereof . . . which purported to confer upon 'the district court of

---

[1](...continued)
February 8, 2008. Caldwell v. O'Malley, No. 1:08cv495 (N.D. Ohio filed Feb. 8, 2008). Judge Patricia A. Gaughan dismissed the petition on the merits on March 13, 2008.  Petitioner filed a Notice of Appeal on April 10, 2008, which is still pending in the Sixth Circuit  Court of Appeals.

2

the United States . . . original jurisdiction . . . of all offenses against the laws of the United States." (Pet. at 1.)  These pronouncements never took effect, in Mr. Caldwell's opinion, because these "Acts violated the Quorum Bicameral and/or Presentment Clauses mandated respectively by Article I § 5, Cl. 1, and Article I § 7 Cls 2 and 3 of the Constitution of the United States." (Pet. at 1.) It is under these circumstances that he asserts this Court lacked jurisdiction and "therefor, the judgment and commitment order is void ab initio." (Pet. at 1.)

*28 U.S.C. § 2241*

Section 2241 "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [the petitioner.]" Atkins v. Michigan, 644 F.2d 543, 546 n. 1 (6th Cir.1981). Thus, Mr. Caldwell's present status as a federal pretrial detainee seeking to set aside charges he will face at his impending trial does not preclude this Court's review.

To be eligible for habeas corpus relief under § 2241, however, a federal pretrial detainee generally must exhaust other available remedies. See Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir.1988); United States v. Pipito, 861 F.2d 1006, 1009 (7th  Cir .1987); Garey v. Gonzalez, No. 07-CV-91-GFVT, 2007 WL 1341562, (E.D.Ky. May 7,2007). The reasons for this requirement are rooted not in comity, but in concerns for judicial economy.  The Sixth Circuit has endorsed this approach in the past. See Holland v. Gilliam, No. 91-5242, 1991 WL 150821 (6th  Cir. Aug. 6, 1991)("Habeas corpus relief is not available where, as here, petitioner may pursue his claim in the underlying criminal proceedings"); Horning v. Seifart, No. 96-5070,1997 WL 58620 (6th  Cir. Feb. 11,1997)("[H]abeas petition was properly dismissed as that remedy cannot be invoked to raise defenses to a pending federal criminal prosecution.").

3

As the record of Mr. Caldwell's criminal proceedings in this Court demonstrate, he has raised this issue before and it is currently pending before the Sixth Circuit. Considerations of federal court efficiency and administration dictate that because he is in the process of exhausting these very same claims on appeal, this Court will decline to address these claims in his current habeas petition.  Moreover, he may raise any other concerns at his pending criminal trial and then on direct appeal.

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED:  May 13, 2008

---

[2]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4